**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROY CREASY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-3789** |
| | : | |
| **RELIANCE STANDARD** | : | |
| **INSURANCE CO. and** | : | |
| **SI INTERNATIONAL, INC.** | : | |

Diamond, J.                                                              **March 26, 2008**

**M E M O R A N D U M**

Proceeding under the Employee Retirement Income Security Act, Plaintiff, Roy Creasy,

alleges that Defendants Reliance Standard Insurance Co. and SI, International wrongfully denied

his long-term disability benefits application.  29 U.S.C. § 1001.  I deny Defendants' Motion for

Summary Judgment and remand so that the Plan Administrator may evaluate Plaintiff's

application in a manner consistent with this opinion.

I.      **Background**

From August 7, 2000 to July 30, 2004, SI employed Plaintiff as a "Senior Consultant."

(AR 35, 88, 91.)  In October, 2002, Plaintiff suffered his second heart attack.  (AR 311.)  Plaintiff

had previously traveled at least once a month for business-related lectures, briefings, and

meetings.  (AR 42-43.)  After the 2002 heart attack, Plaintiff was able to travel only one to two

times a year.  (AR 43.)

In July, 2004, Plaintiff resigned and applied for long-term disability benefits under SI's

group disability insurance plan, which Reliance underwrites and administers.  (AR 215-17, 298.)

Plaintiff claimed that he was totally disabled because of coronary artery disease.  (AR 216.)  On

February 2, 2005, Reliance denied Plaintiff's application, and on October 31, 2005, Reliance

denied Plaintiff's appeal of this decision.  (AR 2-5, 49-51.)   Plaintiff filed the instant action on

July 31, 2007 in the Philadelphia Common Pleas Court. Defendants removed to this Court on

September 12, 2007. See 28 U.S.C. §§ 1331; 1441.

## II.    Legal Standards

### A.    Summary Judgment

Upon motion of any party, summary judgment is appropriate

> if the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Summary judgment may be granted only if the movant shows that "there

exists no genuine issue of material fact that would permit a reasonable jury to find for the

nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is

"genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that

issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only

if it could affect the result of the suit under governing law. Id.

In deciding whether to grant summary judgment, the district court "must view the facts in

the light most favorable to the non-moving party," and make every reasonable inference in that

party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after

viewing all reasonable inferences in favor of the non-moving party, the court determines that

there is no genuine issue of material fact, summary judgment is appropriate. See Celotex, 477

U.S. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987). "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

### B.     Denial of ERISA Benefits

If a plan gives discretion to its administrator, courts will generally review the

administrator's denial of benefits under an arbitrary and capricious standard.  Pinto v. Reliance

Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir. 2000).  This standard requires a court to defer

to the administrator unless "its decision was without reason, unsupported by substantial evidence,

or erroneous as a matter of law."  Id. at 387.  Where the plan administrator has a conflict of

interest, courts apply a "heightened" arbitrary and capricious standard.  Id. at 383.  Under the

Third Circuit's "sliding scale," courts apply greater scrutiny as the significance of the conflict

increases.  Id. at 392.

Because Reliance both administers and underwrites Plaintiff's plan, its decisions

respecting benefits applications are burdened with a conflict of interest.  See Post v. Hartford Ins.

Co., 501 F.3d 154, 163 (3d Cir. 2007).  Because Reliance's denial of Plaintiff's benefits

application cannot withstand any scrutiny, however, I need not determine the precise level of

scrutiny to apply here.

## III.   Discussion

Plaintiff is entitled to benefits under SI's plan if he is "Totally Disabled" – that is, if he

"cannot perform the material duties of his/her occupation."  (AR. 2.) The Parties disagree as to

"the material duties of [Plaintiff's] occupation."

### A.     Regular Occupation

Reliance explained to Plaintiff that it determined his material duties as follows:

The Policy is not necessarily intended to provide a benefit if you are unable to perform the
material duties of your job at SI International Inc., but rather, if you are unable to perform
the material duties of your occupation as it is performed in the general economy.  The
difference between an occupation and a job is that an occupation is a vocation or

3

profession, as it typically exists in the general labor market, whereas a job is a set of specific tasks performed for a specific employer.

(AR 50.) To determine a consultant's duties in the "general economy," Reliance applied the Department of Labor's Dictionary of Occupational Titles, which defined the job of consultant as sedentary, including only limited physical requirements. (AR 202-04, 208.) Yet, in 2003, the Third Circuit criticized Reliance for employing this method in determining the material duties of a plan beneficiary's regular occupation. Lasser v. Reliance Std. Ins. Co., 344 F.3d 381 (3d Cir. 2003). Mr. Lasser's plan included language defining disability that was identical to that in the instant case. Id. In denying Mr. Lasser benefits, Reliance explained – just as it did in the instant case – that a regular occupation was "not your job with a particular employer," but rather "your own or regular occupation as it is performed in a typical work setting for any employer in the general economy." Id. at 386. The Lasser Court rejected Reliance's interpretation of the term "regular occupation," holding that an employees's "'regular occupation' is the ususal work that the insured is actually performing immediately before the onset of the disability." Id. The Court thus concluded that it was "unreasonable for Reliance to define 'regular occupation' differently from its plain meaning . . . without explicitly including that different definition in the Policy." Id. at 386-87.

In its 2005 denial of Plaintiff's application, Reliance apparently ignored the Lasser Court's 2003 holding; in seeking summary judgment, Reliance effectively asks me to do the same. Obviously, I will not. Reliance improperly determined Plaintiff's "regular occupation."

**B.      Travel as a Material Duty**

Reliance contends that SI required Plaintiff to travel only once or twice a year, and that he remained capable after his second heart attack of performing this "sedentary" duty. Reliance

4

bases this contention on an SI Human Resources Department e-mail stating that "Creasy traveled once or twice a year max." (AR 206.) This email was contradicted by other evidence, however.

Plaintiff's supervisor, Major James Leggett, explained that the reduced travel schedule was a result of Plaintiff's health problems:

> When Mr. Creasy suffered the heart attack in October of 2002, I, as the government representative, made the decision to take advantage of his vast experience and keep him on the A481 team. However, I curtailed his travel and physical activity by keeping him in the office . . . The bottomline is the position required travel about 12-14 times a year and Mr. Creasy was not physically able to meet the travel demands . . .

(AR 43.) Leggett went on to explain that when Plaintiff traveled, he had to "manag[e] equipment that weighed up to 50 lbs., a garment bag, a carry-on bag, and a laptop computer." (Id.)

At summary judgment, I am obligated to construe the evidence in the light most favorable to the non-moving party. See Hugh, 418 F.3d at 267. Accordingly, I am compelled to conclude at this stage that SI required Plaintiff to travel 12 to 14 times a year, and that the travel involved strenuous physical exertion.

Reliance has also ignored the Lasser Court's direction that I look at the period "*immediately before* the onset of the disability" in determining the material duties of an insured's occupation. Lasser, 344 F.3d at 386 (emphasis added). Although the Lasser Court did not explain when the "onset of the disability" actually occurs, Judge Yohn recently did so in yet another dispute involving Reliance. Kaelin v. Tenet Employee Ben. Plan, No. 04-cv-2871, 2007 WL 4142770 (E.D. Pa., Nov. 21, 2007). In Kaelin, an orthopedic surgeon who had injured his knee and hip returned to work part-time, and then resigned and applied for long-term disability benefits. Id. at *1. Reliance underwrote and administered his disability plan. To determine Dr. Kaelin's material duties, Reliance looked at the tasks he performed immediately before resigning,

5

rather than the tasks he performed immediately before his injury.  Id. at *5.  Judge Yohn ruled

that the term "onset of the disability" meant the date of the injury, rather than the date Dr. Kaelin

left his job and became "Totally Disabled."  Id. at *7.   That formulation comports with the Third

Circuit's policy of "not penalizing insureds for attempting to return to work after an injury."  Id.

     In determining Plaintiff's "material duties" Reliance did not consider the duties Plaintiff

actually performed immediately before his 2002 heart attack.  Those material duties – as

determined by construing the evidence in Plaintiff's favor – included physically strenuous travel

12 to 14 times a year.

## IV.    Conclusion

     In sum, Reliance is not entitled to summary judgment because it has construed

contradictory evidence respecting the nature of Plaintiff's material duties in the light most

favorable to itself.  Moreover, in denying Plaintiff's application, Reliance erred by: (1) defining

Plaintiff's regular occupation in reference to the general economy, rather than usual work that he

actually performed; and (2) looking to the period immediately before Plaintiff's resignation –

rather than the period immediately before his 2002 heart attack – in determining his material

duties.   In Kaelin, Judge Yohn remanded Dr. Kaelin's application to Reliance for a new

determination consistent with his ruling. Kaelin v. Tenet Employee Ben. Plan, No. 04-cv-2871,

2006 WL 2382005 (E.D. Pa., Aug. 16, 2006).   I will do the same here.

     An appropriate Order follows.

                                        BY THE COURT:

                                        /s Paul S. Diamond
                                        _____

                                        Paul S. Diamond, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROY CREASY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-3789** |
| | : | |
| **RELIANCE STANDARD** | : | |
| **INSURANCE CO. and** | : | |
| **SI INTERNATIONAL, INC.** | : | |

## ORDER

AND NOW, this 26th day of March, 2008, it is ORDERED that Defendant's Motion for Summary Judgment is DENIED.  Plaintiff's claim for disability benefits is remanded to Reliance for further proceedings consistent with this Order.   It is further ORDERED that:

1.    Within 14 days of the entry of this Order, Plaintiff shall file with Reliance any additional evidence to develop the record further.

2.    Upon expiration of the time for Plaintiff to submit additional evidence, Reliance shall have 60 days to render a decision on Plaintiff's claim. There shall be no administrative appeal of this decision.

3.    Either party may appeal Reliance's final decision to this Court, which shall retain jurisdiction over the case.  Any appeal must be filed within 14 days of Reliance's final decision.

4.    This case shall be placed in the civil suspense file pending the redetermination of benefits and any subsequent appeal.

5.    The Clerk shall close this case for statistical purposes.

BY THE COURT.

*/s Paul S. Diamond*
_____
Paul S. Diamond, J.